UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEANDRE SPENCER,<br><br>Defendant. | Case No. 2:18-cr-00107-APG-GWF<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER**<br><br>(ECF No. 58) |

Defendant Deandre Spencer appeals from Magistrate Judge Leen's Order of Detention.[1] I must conduct a *de novo* review of the evidence before Magistrate Judge Leen (and any additional evidence submitted by the parties), and make my own independent determination with no deference. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990).

In determining whether to detain or release a defendant, the court is required to consider four factors: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves drugs; (2) the weight of the evidence;[2] (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community should the defendant be released. 18 U.S.C. § 3142(g).[3]

---

[1] Spencer requested that I stay consideration of his motion until Magistrate Judge Leen ruled upon Spencer's motion to reopen his detention hearing. *See* ECF No. 58 at 1. I did so. Magistrate Judge Leen denied that motion on May 23, 2018 ECF No. 59. I have considered that order and related papers when deciding Spencer's appeal of Magistrate Judge Leen's original detention order.

[2] This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). "Although the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id.* (citations omitted). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Id.* Accordingly, this factor "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

[3] Magistrate Judge Leen did not consider Spencer to be a flight risk. Nor do I.

Magistrate Judge Leen's analysis, findings, and conclusions—both in her original detention order (ECF No. 52) and in her order denying the motion to reopen detention (ECF No. 59)—are correct and I adopt them as my own. *Koenig*, 912 F.2d at 1193. There are no conditions or combination of conditions that could be fashioned that would reasonably protect the community against the risk of danger posed by Spencer.

IT IS THEREFORE ORDERED that Spencer's motion for review of detention order **(ECF No. 58) is DENIED**.

DATED this 4th day of June, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE